IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:06CV36-MU-02

| | | |
|---|---|---|
| TAURICE MARQUESE CRISP, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|      v. | ) | ORDER |
| | ) | |
| ALL DEFENDANTS FORMALLY | ) | |
|   AGAINST BY PLAINTIFF | ) | |
|   TAURICE M. CRISP IN ANY | ) | |
|   COURT IN THE UNITED STATES, | ) | |
|     Defendants. | ) | |
| | ) | |

**THIS MATTER** comes before the Court for an initial frivolity review of plaintiff's civil rights Complaint, brought under 42 U.S.C. §1983, filed July 16, 2001. The plaintiff is seeking "501 billion dollars for the extrematies[sic] done unto [him] by this Nation and its people."

At the outset, the Court notes that the plaintiff has had at least three other of his numerous Complaints dismissed as frivolous or for his failure to state a claim upon which relief could be granted. In particular, on July 25, 2001, this Court dismissed the plaintiff's civil rights suit against "The Gideons" on the ground that such action had failed to state a upon which relief could be granted. (See 3:01cv421).

On October 1, 2004, the U.S. District Court for the Eastern

Dockets.Justia.com

District of North Carolina dismissed the plaintiff's civil rights action against the North Carolina Department of Corrections on the ground that such action was frivolous.  (See 5:04CT88-BO). And before that, on March 11, 2002, that District Court also dismissed the plaintiff's civil rights Complaint against U.S. Magistrate Judge Alexander B. Denson on the ground that the action was frivolous.  (See 5:01-CT-899-H) .

In addition to the foregoing cases, pertinent Court records show that over the preceding years, the U.S. District Court for the Middle District of North Carolina has dismissed (without prejudice) at least six of the plaintiff's civil rights Complaints--albeit not for frivolity, but for his failure to comply with certain of the procedural rules of that Court.  While this Court is well aware that the Middle District's dismissals cannot be included in the plaintiff's so-called "three-strikes" calculations, the undersigned points to those matters simply for the purpose of demonstrating that the plaintiff has a long history of filing lawsuits in federal court.

In any event, the Prisoner Litigation Reform Act of 1996 makes it clear that a prisoner may not bring a civil action or proceeding "if such prisoner has on 3 or more prior occasions, while incarcerated in any facility, brought an action . . . that was dismissed on the grounds that it was frivolous, malicious or fail[ed] to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical

injury." See 28 U.S.C. §1915(g).

Here, the plaintiff already has had three of his numerous civil rights actions dismissed as frivolous/failing to state a claim for relief. Furthermore, despite the bizarre nature of his current allegations, the plaintiff neither alleges nor shows that he is under imminent danger of serious physical injury. Accordingly, the plaintiff's Complaint cannot even be entertained, and must be **DISMISSED**.

**SO ORDERED.**

Signed: March 15, 2006

Graham C. Mullen
United States District Judge